[Cite as *In re J.S.*, 2026-Ohio-2738.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: J.S.                          :          APPEAL NO.    C-260170
                                                TRIAL NO.     F/19/1339 X
                                     :

                                     :

                                     :          *JUDGMENT ENTRY*

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/17/2026 per order of the court.**

**By:**_____
          **Administrative Judge**

[Cite as *In re J.S.*, 2026-Ohio-2738.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: J.S.

:

:

:

:

APPEAL NO. C-260170
TRIAL NO. F/19/1339 X

*O P I N I O N*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 17, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Patsy Bradbury*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Holly M. Simpson,* for Appellant Mother,

*Angela Chang*, Hamilton County Public Defender, and *Klarysa Benge*, Assistant Public Defender, Guardian ad Litem for J.S.

**Bock, Judge.**

**{¶1}** In this appeal, appellant Mother challenges the juvenile court's judgment, which awarded permanent custody of her child J.S. to appellee the Hamilton County Department of Job and Family Services ("JFS"). In two assignments of error, Mother argues the juvenile court's judgment is against the manifest weight of the evidence and is not supported by sufficient evidence.

**{¶2}** We disagree. The record supports the juvenile court's findings and conclusions. Therefore, we overrule Mother's two assignments of error and affirm the juvenile court's judgment.

## I. Factual and Procedural History

**{¶3}** Before J.S. was born, the juvenile court had awarded JFS permanent custody of Mother and Father's seven eldest children. This court affirmed that judgment. *In re S/F Children*, 2025-Ohio-822 (1st Dist.).

**{¶4}** Two days after J.S. was born, the juvenile court issued an ex parte order granting JFS's motion for emergency custody. The next day, JFS filed a complaint seeking permanent custody of J.S. and a motion for a determination that JFS did not have to make reasonable efforts to reunite J.S. with his parents. The juvenile court awarded JFS interim temporary custody of J.S. and granted its motion, thus relieving it from having to provide reasonable efforts to reunite J.S. and his parents.

**{¶5}** Approximately four months after J.S.'s birth, the juvenile court adjudicated J.S. dependent. The agency's case plan for J.S.'s parents contained information involving past instances of domestic violence, Mother's mental health, Mother's intellectual disability, and Father's criminal history. The case plan expected behavioral changes from each parent, their participation in relevant services, and supervised visitation. The magistrate adopted the case plan.

**{¶6}** While Mother initially visited J.S., she ended contact with J.S. when visits were moved from JSF to the Family Nurturing Center. Father never visited J.S.

**{¶7}** The magistrate granted JFS permanent custody of J.S. about nine months after J.S.'s birth. Mother objected to the magistrate's decision, arguing the decision was against the manifest weight of the evidence. She asserted that the magistrate erred by finding that J.S. could not be returned to Mother within a reasonable time, and that it was not in J.S.'s best interest to remain in JFS's custody. The trial court denied Mother's objections and adopted the magistrate's decision by separate opinion. Only Mother appealed.

## II. Analysis

**{¶8}** On appeal, Mother raises two assignments of error. First, Mother argues the juvenile court's award of permanent custody to JFS was against the manifest weight of the evidence and that there was insufficient evidence to support the judgment. Second, Mother argues that a legally secure placement could have been achieved without awarding JFS permanent custody of J.S.

### A. Assignment of error one: Sufficiency and weight of the evidence

**{¶9}** This court reviews a juvenile court's decision terminating parental rights under either a sufficiency-of-the-evidence or a manifest-weight-of-the-evidence standard. *In re Z.C.*, 2023-Ohio-4703, ¶ 11. The two standards are distinct concepts. *Id.* at ¶ 13.

**{¶10}** A sufficiency review requires this court to independently review the evidence to determine if the juvenile court's judgment is supported by clear and convincing evidence. *In re S.D.*, 2020-Ohio-3379, ¶ 12 (1st Dist.). Clear and convincing evidence causes the factfinder to have a "firm belief or conviction as to the facts sought to be established." *In re K.H.*, 2008-Ohio-4825, ¶ 42. If clear and convincing evidence

4

supports the juvenile court's permanent-custody decision, the evidence is sufficient to support the judgment. *In re S.D.* at ¶ 12.

**{¶11}** By contrast, a manifest-weight-of-the-evidence review requires us to "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the [juvenile] court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *In re A.B.*, 2015-Ohio-3247, ¶ 16 (1st Dist.), citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 12.

**{¶12}** Children-services agencies like JFS may seek permanent custody of a child (1) under R.C. 2151.353, requesting permanent custody in the abuse, neglect, or dependency complaint, or (2) after obtaining temporary custody of the child and filing a R.C. 2151.413 permanent-custody motion. *In re Adjudicated Dependent*, 2025-Ohio-681, ¶ 51 (4th Dist.). JFS sought permanent custody of J.S. in its original abuse, neglect, or dependency complaint.

**{¶13}** Under R.C. 2151.353(A)(4), after adjudicating a child abused, neglected, or dependent, a juvenile court may grant permanent custody of a child to a children-services agency as the court's initial disposition if both prongs of a two-part test are satisfied: "(1) under R.C. 2151.414(E), the child cannot be placed with a parent within a reasonable time or should not be placed with either parent, and (2) under R.C. 2151.414(D)(1), granting the agency permanent custody is in the child's best interest." *In re S.H.*, 2025-Ohio-2338, ¶ 33 (1st Dist.).

### 1. *Prong 1: J.S. cannot be placed with Mother in a reasonable time*

**{¶14}** Prong one—the child cannot be placed with a parent in a reasonable time or should not be placed with either parent—is satisfied when clear and convincing evidence demonstrates that any single factor enumerated in R.C. 2151.414(E)(1)-(16)

5

exists. *Id.* at ¶ 36.

**{¶15}** The juvenile court analyzed R.C. 2151.414(E)(1), (4), (10), and (11). While some of the juvenile court's analysis may have been flawed, we agree that the factors in R.C. 2151.414(E)(4) and (10) exist, thus satisfying prong one.

**{¶16}** R.C. 2151.414(E)(4) exists if the "parent demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so . . ." While Mother initially visited J.S., she stopped visiting and had no contact with him for several months. And Mother attended only one of J.S.'s medical appointments. This constitutes a failure to support, visit, or communicate with J.S.

**{¶17}** R.C. 2151.414(E)(10) applies when the parent has abandoned the child. Children are "presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days." R.C. 2151.011(C). There is no dispute that Mother did not visit or have contact with J.S. for more than 90 days.

**{¶18}** Because clear and convincing evidence supports the juvenile court's finding that Mother demonstrated a lack of commitment toward J.S. and abandoned J.S., the juvenile court correctly determined that J.S. cannot be placed with either parent within a reasonable time or should not be placed with either parent. Therefore, prong one is satisfied and we move to prong two.

### 2. *Prong 2: J.S.'s best interest*

**{¶19}** If a juvenile court finds that prong 1 is satisfied, before granting a child-services agency permanent custody of a child under R.C. 2151.353(A)(4), it must also determine that awarding the agency permanent custody is in the child's best interest. A court looks to R.C. 2151.414(D)(1) to determine the child's best interest. The juvenile court must consider each R.C. 2151.414(D)(1) factor, as well as any other relevant

6

factors, and no one statutory factor is given more weight than others. *In re Schaefer*, 2006-Ohio-5513, ¶ 56.

**{¶20}** R.C. 2151.414(D)(1)(a): J.S.'s interactions and interrelationships with parents, siblings, foster family, or others who may significantly affect him. Clear and convincing evidence supported the juvenile court's findings that J.S. had no relationship with Mother due to her decision to stop visiting J.S., and J.S.'s foster family adequately met his needs and engaged in his care.

**{¶21}** R.C. 2141.414(D)(1)(b): J.S.'s wishes, either expressed by him or his guardian ad litem if J.S. cannot express his wishes. The guardian ad litem recommended awarding JFS permanent custody of J.S.

**{¶22}** R.C. 2151.414(D)(1)(c): The child's custodial history. The juvenile court removed J.S. from Mother just after his birth and awarded JFS temporary custody. So, JFS had custody of J.S. for his entire life.

**{¶23}** R.C. 2141.414(D)(1)(d): The child's need for a legally secure placement and whether such a placement can be achieved without granting JFS permanent custody of the child. J.S.'s maternal grandmother had petitioned for custody, but the juvenile court dismissed her petition after she did not appear for the hearing. She did not object to or appeal that dismissal. And evidence supports the juvenile court's conclusion that Mother and J.S. lacked a bond, as Mother stopped visiting him.

**{¶24}** R.C. 2151.414(D)(1)(e): Whether any of the factors enumerated in R.C. 2151.414(E)(7) to (11) apply. The evidence supports the juvenile court's finding that, under R.C. 2151.414(E)(10), Mother abandoned J.S.

**{¶25}** We hold that the evidence in the record supports the juvenile court's determinations that (1) J.S. could not be placed with Mother in a reasonable time or should not be placed with Mother, and (2) awarding JFS permanent custody of J.S.

was in his best interest. Therefore, we overrule Mother's first assignment of error.

**B. *Assignment of error two: Whether a legally secure placement could have been achieved without awarding JFS permanent custody of J.S.***

{¶26} Mother next argues that insufficient evidence supported the juvenile court's finding that a legally secure placement could not be achieved without awarding JFS permanent custody of J.S. This assignment of error requires us to review the evidence and determine whether the juvenile court's judgment is supported by clear and convincing evidence. *In re S.D.*, 2020-Ohio-3379, at ¶ 12 (1st Dist.).

{¶27} We hold that clear and convincing evidence supports the juvenile court's finding that awarding JFS permanent custody of J.S. was the only way to achieve a legally secure, permanent placement.

{¶28} First, other than maternal grandmother, whose petition failed due to her failure to prosecute, no one petitioned for custody of J.S. Second, Mother abandoned J.S. by not having any contact with him for most of his life. Third, because Mother did not maintain contact with J.S., she did not form any bond with him.

{¶29} This evidence is sufficient to support the juvenile court's determination that a legally secure permanent placement could not be achieved without granting JFS permanent custody of J.S. We overrule Mother's second assignment of error.

### III. *Conclusion*

{¶30} For the reasons stated above, we overrule Mother's assignments of error and affirm the juvenile court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **NESTOR, J.,** concur.

8